IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

**James Castellano,**
**W8057 Country Ave,**
**Holmen, WI 54636,**

**Plaintiff,**

v. **CASE NO.:**

**Aspirus Health System,**
**520 North 32nd Ave,**
**Wausau, WI 54401,**

**Defendants.**

## COMPLAINT AND JURY DEMAND

## I. NATURE OF CLAIM

Now comes the Plaintiff, James Castellano, by his attorneys, the Law Offices of David J. Lang, alleges and as for this Complaint against the above-named Defendants and for h claim of relief, allege and states as follows:

1. Plaintiff, James Castellano, brings this action under Title VII; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq.; the Americans with Disabilities Act (ADA); and the Family Medical Leave Act (FMLA).
2. That the Defendant Aspirus Health Systems terminated Plaintiff on or about July 2024 due to age discrimination, in violation of the Americans with Disabilities Act (ADA).
3. That Plaintiff, James Castellano, filed a complaint with the U.S. Equal Employmen Opportunity Commission, and on June 25, 2026, the EEOC issued Plaintiff a Notice of Right to Sue.

4. Plaintiff Castellano's termination was the result of age discrimination, in violation of the Americans with Disabilities Act and Family Medical Leave Act. That Plaintiff's discrimination was also in retaliation for his ADA and FMLA requests.
5. That Plaintiff, James Castellano, seeks compensatory and punitive damages, attorney's fees, costs, and any additional relief the Court deems proper.

## II. JURISDICTION

6. Jurisdiction is conferred upon this Court under Title VII, the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., the Americans with Disabilities Act, and the Family Medical Leave Act, as the termination of employment by his employer, Aspirus, occurred within this jurisdiction.

## III. VENUE

7. Venue is proper in the United States District Court for the Western District of Wisconsin pursuant to 28 U.S.C. § 1391(b), in that this is the judicial district in which the events giving rise to the claim occurred.

## IV. JURY DEMAND

8. Plaintiff demands a trial by jury in this action on each and every one of his claims.

## V. PARTIES

9. Plaintiff, James Castellano, is a citizen of the United States and was at all relevant times herein, and is still, a resident at W8057 Country Ave, Holmen, Wisconsin 54636, which is in the jurisdiction of the Western District of Wisconsin.
10. Defendant Aspirus Health Systems is an employer in the State of Wisconsin, a nonprofit community-based health system duly licensed and doing business in Wisconsin, Minnesota, and Michigan, including within the jurisdiction of the Western District of Wisconsin, with a primary address of 520 North 32nd Ave, Wausau, WI 54401. Aspirus Health System, being an employer in the State of Wisconsin, was the employer of Plaintiff, James Castellano, when it discriminated against the Plaintiff due to age discrimination, violations of the Americans with

Disabilities Act, and the Family Medical Leave Act.

## VI. STATEMENT OF FACTS

11. Plaintiff, James Castellano, born March 5, 1964, commenced employment at Aspirus Health Systems on or about September 11, 2025, as a Program Manager in IT. Plaintiff was informed he would report to Byron Kersey, Director of IT for Defendant Aspirus.
12. On or about November 2023, Plaintiff was transferred to Anna Benter, Director of Clinic Applications. Upon information and belief, Anna Benter was under forty years old. After the transfer to Anna Benter, Plaintiff was relieved of his PMO responsibilities. Plaintiff regularly made complaints about Anna Benter after being transferred to her due to her being late to meetings because of having children and running late due to this activity. Plaintiff alleges that Anna Benter retaliated against him and discriminated against him as a result of his age and his complaints made to Aspirus about her being late to meetings and work due to her children.
13. On or about April 16, 2024, Anna Benter placed Plaintiff on a PIP (Performance Improvement Plan) due to his complaints about her being late and being distracted due to her children's activities. Plaintiff alleges he should never have been put on a PIP, but it was done due to him being discriminated against because of his age and being retaliated against due to the comments he made about the younger Benter not completing her tasks in a timely manner.
14. On or about April 4, 2024, Plaintiff had an MRI completed which led to a biopsy on April 5, 2024. Aspirus was made aware of these medical appointments by Plaintiff. Plaintiff received his biopsy results on or about April 18, 2024, and was diagnosed with prostate cancer on or about April 19, 2024. Aspirus was informed of Plaintiff's medical appointments before each one and of his potential cancer diagnosis.
15. On or about April 25, Plaintiff received a leave of absence from work slip from his cancer doctor for April 25 to May 3, 2024, for treatment and appointments for his cancer treatments.

16. Plaintiff returned to work May 6, 2024, to May 10, 2024, after his leave of absence was completed. On or about May 10, 2024, Plaintiff requested leave of absence again for treatment for prostate cancer. Plaintiff provided the doctor's records for such leave of absence. The leave of absence was granted from May 20 to June 7, 2024. On or about May 28, 2024, Plaintiff saw his primary treatment doctor who provided Plaintiff with a leave of absence approval due to his prostate cancer from June 10, 2024, to July 10, 2024. Plaintiff provided the disability medical leave to Defendant Aspirus after his May 28, 2024 appointment. Plaintiff had doctor's approval due to disability, prostate cancer — medical condition — and Aspirus was well aware of Plaintiff's condition and the medical leave approval from his doctors.
17. Aspirus required Plaintiff to request and receive supervisor approval for all medical leave with at least one week's notice. Plaintiff was required to mark time off and record the leave in the Kronos system to reflect the days off. After Plaintiff provided the medical leave of absence from June 10 to July 10, 2024, Plaintiff was informed by Defendant Aspirus that the medical leave ending on July 10, 2024, could be extended depending on Plaintiff's doctor's advice.
18. Plaintiff's cancer treatment included counseling due to the emotional distress of his diagnosis and treatment. Plaintiff's counseling treatment continued into July 2024, which Plaintiff made Defendant Aspirus aware of said counseling. Defendant Aspirus was provided with the counseling referral by Plaintiff on June 18, 2024.
19. Mary McDonald, HR from Defendant Aspirus, called Plaintiff on or about July 3, 2024, and stated that the PIP filed could be used to terminate him.
20. On or about July 9, 2024, Plaintiff attended his first counseling session for his emotional distress from Behavioral Health. This information was provided by Plaintiff to Aspirus.
21. On or about July 9, 2024, HR Mary McDonald called Plaintiff and informed him that she did not have a return-to-work slip for Plaintiff's doctors for July 10, 2024. Plaintiff informed Aspirus that the form had been submitted in June and again in July as had been requested by Defendant Aspirus in June 2024.

22. Defendant Aspirus, on or about July 9, 2024, acknowledged having the leave of absence forms and return-to-work slips provided by Plaintiff's doctors, but terminated him on or about July 9, 2024, at approximately 3:55 p.m. because he was not at work. This was despite Plaintiff's actual return-to-work date being July 11, 2024.

23. Plaintiff was 60 years of age when he was terminated by Aspirus. Plaintiff was harassed after complaining about his younger boss at Aspirus. Plaintiff alleges Aspirus used the PIP to try to terminate him due to his age.

24. Plaintiff was diagnosed with prostate cancer, which qualified as a disability under the ADA. Plaintiff was able to perform the essential functions of his job with or without reasonable accommodations, but he was terminated on July 9, 2024, by Aspirus while still being on medical leave. Due to the age discrimination, disability discrimination, and retaliation by Defendant Aspirus, Plaintiff suffered wage loss, emotional distress, and compensatory damages exceeding $50,000.

25. That due to the age discrimination and the discrimination due to his disability, and the retaliation of Plaintiff Castellano by the Defendant Aspirus, Castellano was terminated and has suffered wage loss, emotional distress, and other compensatory damages which exceed over $50,000.00.

## VII. FIRST COUNT: VIOLATION OF ADEA BY DEFENDANT ASPIRUS

26. Plaintiff realleges all paragraphs 1–25.

27. Plaintiff, James Castellano, while employed at Defendant Aspirus, was over 60 years of age. Plaintiff met his employer's legitimate expectations while employed at Aspirus.

28. Plaintiff, James Castellano, was considerably older than anyone else in the IT department while at Aspirus.

29. Plaintiff, James Castellano, was terminated on July 9, 2024, due to his age, while others at Aspirus who were under forty received different treatment. Plaintiff had complained about his younger supervisor who was late to work and late to assignments, which led Aspirus to place Plaintiff on a PIP to terminate him due to his age.

30. Defendant Aspirus violated the ADEA, 29 U.S.C. § 621 et seq., when they terminated Plaintiff, James Castellano, on July 9, 2024, due to his age, being over 60. This caused Plaintiff to lose his job, suffer wage loss, emotional distress, and other compensatory damages exceeding $50,000.

## VIII. SECOND COUNT: DISCRIMINATION BASED ON DISABILITY PER ADEA AND AMERICANS WITH DISABILITIES ACT

31. Plaintiff realleges all allegations in paragraphs 1–30.
32. Plaintiff, James Castellano, was diagnosed with prostate cancer on or about April 18, 2024, which is a classified disability under the Americans with Disabilities Act and membership in a protected class.
33. In April 2024 and during his employment at Aspirus, Plaintiff Castellano was qualified for his position and was meeting Aspirus's legitimate expectations.
34. Plaintiff Castellano was on medical leave on July 9, 2024, which had been provide to Aspirus. Plaintiff had notified Aspirus of his disability — cancer diagnosis/treatment — and provided his doctor's leave of absence requests and return-to-work slips as required by Aspirus. Despite providing the required requests while on leave, Aspirus discriminated against Plaintiff due to his disability and terminated him on July 9, 2024, while he was still on disability leave. As a result of this adverse act by Aspirus, Plaintiff suffered wage loss, emotional distress, and compensatory damages exceeding $50,000. Plaintiff alleges Aspirus treated non-disabled employees more favorably than Castellano, causing wage loss, emotional distress, and compensatory damages exceeding $50,000.

## IX. THIRD COUNT: RETALIATION CLAIM PURSUANT TO 29 U.S.C. § 623(d); 42 U.S.C. § 2000e-3(a)

35. Plaintiff realleges all allegations in paragraphs 1–35.
36. Plaintiff Castellano, while employed at Aspirus, made complaints about his manager who started hundreds of minutes late due to her children's activities. Aspirus placed a PIP (Performance Improvement Plan) on Castellano in retaliatio

for his complaints about his supervisor. Plaintiff Castellano was retaliated against after presenting his prostate cancer diagnosis. Both Castellano's complaints and expressions are protected, and he was terminated as punishment for these protected expressions. Plaintiff's termination by Aspirus was directly related to his comments about his manager's age discrimination and Aspirus's discrimination due to his disability and his complaints about Aspirus regarding hi prostate cancer diagnosis.

37. Plaintiff Castellano was terminated from his employment by Aspirus as a result of retaliation. Plaintiff suffered wage loss, emotional distress, and other compensatory damages exceeding $50,000.

## X. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the above-named Defendant as follows:

A. Compensatory damages for Plaintiff Castellano in an amount to be determined at trial of this matter.
B. Emotional distress damages.
C. All costs, disbursements, reasonable actual attorney's fees, and all interest due and owing pursuant to Wis. Stat. § 628.46.
D. Any and all other relief this Court deems appropriate.

Dated this 18th day of September, 2026.

**LAW OFFICES OF DAVID J. LANG, LLC**
Attorney for Plaintiff

By: /s/ David J. Lang
David J. Lang
State Bar No. 01001218

**MAILING ADDRESS**
8112 W. Bluemound Road, Suite 105
Wauwatosa, WI 53213
Telephone: (414) 777-0778